NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SELVE MUSE-FREEMAN, | : | Civil Action No: 07-3638 (AET) |
| Plaintiff, | : | |
| v. | : | |
| IMRAN BHATTI, et al., | : | MEMORANDUM OPINION |
| Defendants. | : | |

**HUGHES, U.S.M.J.**

I.   INTRODUCTION

This matter comes before the Court on letter application by Plaintiff Selve Muse-Freeman ("Plaintiff") to compel the production of Armen Simonian, M.D.'s ("Defendant") personal notes, returnable May 19, 2008.  Defendant opposed the motion on April 15, 2008.  The issue is whether Dr. Simonian's personal notes, written after Plaintiff's medical procedure, are discoverable pursuant to Federal Rule of Civil Procedure 26(b)(3).  For the reasons stated below, the Court finds that Dr. Simonian's notes are protected from disclosure.  Accordingly, Plaintiff's application is denied.

II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff seeks to compel Dr. Simonian's notes, having initially requested the notes on March 3, 2008.  (*See* Def.'s Ltr. Br. at 1.)  During a conference call with the Court on March 18, 2008, the Court directed Dr. Simonian and Douglas Wheeler of NJ Pure Insurance Company to

provide certifications that the personal notes were made in anticipation of litigation (*See* Def.'s Ltr. Br. at 2.) These certifications were provided to the Court on April 5, 2008. *Id.* On April 15, 2008, Plaintiff filed this letter application.

Plaintiff alleges that the personal notes are discoverable under Rule 26(b)(3) because they were not produced in anticipation of litigation, but were recorded by Dr. Simonain prior to speaking with an attorney or insurance agent. Plaintiff further alleges that she has a substantial need for the notes, as the notes contain information that Dr. Simonian was not able to recall during his deposition, and that Plaintiff has no other way to obtain that information. Plaintiff also claims that the notes are discoverable under Rule 612(2), as Dr. Simonian used the notes to refresh his memory for the purpose of testifying. (*See* Pl.'s Ltr. Br. at 1-4.)

Defendant in opposition states that Dr. Simonian recorded the notes after speaking with his insurance company, that his notes were produced in anticipation of litigation, and that Plaintiff has had ample opportunity to obtain the information contained in the notes by other means, including through the extensive deposition of Dr. Simonian.

## III.    DISCUSSION

Dr. Simonian's personal notes are not discoverable pursuant to Federal Rule of Civil Procedure 26(b)(3)(A), as the notes were produced in anticipation of litigation. Further, Plaintiff has not met the burden of proving substantial need. Rule 612(2) is not applicable because Dr. Simonian did not use the notes to refresh his memory before or during his deposition testimony.

### A.    Federal Rule of Civil Procedure 26(b)(3)(A)

Dr. Simonian's personal notes are not discoverable pursuant to Federal Rule of Civil Procedure 26(b)(3)(A). Rule 26(b)(3)(A) states that "[o]rdinarily, a party may not discover

documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative. But, subject to Rule 26(b)(4), those materials may be discovered if (I) they are otherwise discoverable under Rule 26(b)(1) and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(i)(ii).

In order to determine whether a document was prepared "in anticipation of litigation," the Third Circuit has adopted a two-prong test: the document must have been prepared (1) at a time when litigation was reasonably predictable or foreseeable, and (2) primarily for the purpose of litigation. *In re Gabapentin Patent Litig.*, 214 F.R.D. 178, 184 (D.N.J. 2003); *United States v. Rockwell Int'l*, 897 F.2d 1255 (3d Cir. 1990.) The Third Circuit has stated that "the relevant inquiry is 'whether in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1258 (3d Cir. 1993.) The Court also added that "litigation need not be imminent . . . as long as the primary motivating purpose . . . was to aid in possible future litigation." *Id*.

      Here, the Court finds that Dr. Simonian's notes were made in anticipation of litigation. Defendant stated at his deposition that he drafted the notes because he was acting under the advice and direction of his malpractice carrier. (Simonian Dep. at 17: 8-16.) As an experienced medical doctor, Defendant stated that he anticipated that the events surrounding the patient's case may potentially lead to litigation. (Def.'s Ltr. Br. at 2.) Plaintiffs direct the Court to the fact that Dr. Simonian instructed the nurses who attended the procedure to prepare notes in anticipation of a formal review; however, this fact does not explain his own personal notes. (Pietrzak Dep. at

73: 19-22.) Nevertheless, the Court finds that these personal notes were produced in anticipation of litigation.

Although a document prepared in anticipation of litigation is nonetheless discoverable if the requesting party has shown a substantial need, Plaintiff has not met that burden here. *See, Medford v. Duggan*, 323 N.J. Super. 127 (App. Div. 1999.) Plaintiff's counsel has deposed Dr. Simonian at length and has had ample opportunity to clarify and further investigate any matters not resolved during the deposition.

      B.      Federal Rule of Evidence 612(2)

Dr. Simonian's personal notes are not discoverable pursuant to Federal Rule of Evidence 612(2). Rule 612(2) states that documents are discoverable "if a witness uses a writing to refresh memory for the purpose of testifying either (1) while testifying, or (2) before testifying . . . if the court in its discretion determines it is necessary in the interest of justice, an adverse party is entitled to have the writing produced . . . ."

Here, Dr. Simonian does not reference his personal notes during his deposition. Therefore, at this stage of the litigation, the Court find that Rule 612(2) is inapplicable.

**IV.**    **CONCLUSION**

For the reasons stated herein, Plaintiff's letter application to compel Dr. Simonian's personal notes is denied. Dr. Simonian's personal notes were prepared in anticipation of litigation and Plaintiff has not shown a substantial need for the notes. An appropriate Order accompanies this Memorandum Opinion.

**DATED**: May 20, 2008