UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **SELVIE MUSE-FREEMAN**, as duly appointed guardian of LINDA MUSE, | : : : | Civil Action No: 07-3638 (AET) |
| Plaintiff, | : : | |
| v. | : : | |
| **IMRAN BHATTI, et al.**, | : : : | **M E M O R A N D U M** **O P I N I O N** |
| Defendants. | : : | |

**HUGHES, U.S.M.J.**

**I.    INTRODUCTION**

This matter comes before the Court on motion by Defendant Imran Bhatti, M.D. ("Defendant") to compel a life care evaluation without Selvie Muse-Freeman's ("Plaintiff"), expert present and award of costs [dkt. entry no. 47], returnable June 16, 2008.  Plaintiff opposed the motion on June 2, 2008.  The Court will treat Defendant's request as a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1)(E). For the reasons stated herein, Defendant's motion to perform a life care evaluation without Plaintiff's expert present is granted.  The motion for award of costs is denied.

**II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Defendant seeks to have a medical expert perform an examination on Plaintiff without Plaintiff's expert being present.  (*See* Def.'s Cert. at 2.)  Defendant notes that on August 21, 2007 and again on September 18, 2007, Plaintiff's expert Terri Patterson performed life care evaluations on Plaintiff.  *Id*.  Defendant further argues that Plaintiff never informed Defendant of these evaluations; as such, Defendant's expert was not present.  *Id*.  Subsequently, Defendant notified Plaintiff of his intent to have his own expert, Trudy Koslow, perform an independent evaluation on April 16, 2008.  *Id*.  On April 16, Ms. Koslow arrived at the medical facility where Plaintiff was located and was told that she could not proceed with her evaluation until Ms.

Patterson arrived to observe. *Id*. at 2-3. Ms. Koslow then refused to perform the examination because she believed the presence of the opposing party's expert would hinder her ability to conduct an effective evaluation. *Id*. at 3-4. Defendant notes that he received a letter dated April 17, 2008, in which Plaintiff argued that she had a right to have Ms. Patterson present for the examination performed by Ms. Koslow. *Id*. at 4. Defendant argues that Plaintiff may have a recording device, medical nurse, or other representative present during the examination, but that the opposing party is not entitled to have its own expert observe the evaluation. *Id*. at 5. Defendant further argues that the presence of Plaintiff's expert would "impede the process of impartiality and turn an independent process into an adversarial process." *Id*. at 4.

Defendant filed a Motion to Compel an Independent Medical Examination without Plaintiff's expert present, which was originally returnable May 19, 2008. *Id*. at 5. Plaintiff offered to resolve the issue by having a nurse — who was not employed by or associated with Ms. Patterson — present during Ms. Koslow's evaluation. *Id*. at 5-6. Defendant initially agreed to this arrangement, but later stated that he would not proceed with the evaluation because the nurse chosen by Plaintiff, Mona Yudkoff, was also a life care planning expert. *Id*. at 6-7.

Plaintiff in opposition claims a life care planner would not impede Ms. Koslow's ability to perform an effective evaluation and that the planner can "assist the Plaintiff with the preservation of the evidence of the nature of the examination, the accuracy of the examiner's notes and the content of the examination itself." (*See* Pl.'s Opp'n Mem. at 4-5.)

### III.   DISCUSSION

Defendant's motion to compel a life care evaluation without Plaintiff's expert present is granted. Defendant has stated good cause to obtain a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1)(E). Plaintiff can maintain an accurate record of Defendant's expert's evaluation by having a non-expert representative present and by exercising her right to an examiner's report pursuant to Federal Rule of Civil Procedure 35(b)(1). Also, Plaintiff's

attempts to have a life care planning expert present at Defendant's previously scheduled evaluations were not made in bad faith; therefore, the request for costs is denied.

      A.      <u>Federal Rule of Civil Procedure 26(c)(1)(E)</u>

Pursuant to Federal Rule of Civil Procedure 26(c)(1), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including one or more of the following: . . . (E) designating the persons who may be present while the discovery is conducted . . . " Fed. R. Civ. P. 26(c)(1)(E); (*see also* Fed. R. Civ. P. 1 (the rules governing procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action")). In *B.D. v. Carley*, the court held that a plaintiff has a right to have counsel or other representative present at a physical examination in order to preserve evidence. 307 N.J. Super. 259, 262 (App. Div. 1998). This decision was affirmed in 2006, when the court permitted the use of a recording device and the presence of a medical nurse during the defendant's expert's physical examination of the plaintiff. *Bouhlas v. Wahby*, 2006 WL 3345057 at *1 (N.J. Super. L. 2006). Though neither *Carley* nor *Bouhlas* address the issue of a party's right to have an expert present while the other party conducts a medical evaluation, *Bouhlas* noted that *Carley* "placed the burden on the opponent to demonstrate why a personal representative / recording device should not be employed." *Id*.

Here, Defendant has demonstrated why an expert should not be present. Ms. Koslow has stated that "the presence of the opposing expert will make her evaluation ineffective" (*See* Def.'s Cert. at 4). Thus, excluding Plaintiff's expert is necessary to maintain the integrity of the discovery process. It is also important to note that Defendant is not seeking to prevent Plaintiff from having any agent present during the examination. Rather, Defendant acknowledges Plaintiff's right to have some representative present — such as counsel or a medical nurse — but requests that the appointed representative is not Ms. Patterson or another expert in life care planning.

Furthermore, Plaintiff's counsel failed to notify Defendant's counsel when Plaintiff's

expert examined Plaintiff. Therefore, Ms. Koslow could not observe the evaluations and obtain independent evidence regarding Ms. Patterson's findings. Ms. Patterson performed the evaluation unencumbered by the presence of another professional who was gathering information for her employer's adversary. Accordingly, in order to maintain a level playing field, the Court will not permit one party to have an expert present when the other side was denied such an opportunity.

The Court finds that good cause exists for Defendant to perform a medical evaluation of Plaintiff without Plaintiff's expert present. Because Defendant was not afforded the opportunity to have his expert observe the examinations of Plaintiff's expert, and because the presence of a competing expert may be distracting and intrusive, the Court finds good cause pursuant to R. 26(c)(1)(E) to grant Defendant the right to perform a medical examination of Plaintiff outside the presence of Plaintiff's retained expert or other life care planner.

Plaintiff's concern about maintaining her own record of Ms. Koslow's evaluation can be alleviated by the presence of her non-expert representative as well as the information obtained from an examiner's report created pursuant to Federal Rule of Civil Procedure 35(b)(1). Rule 35(b)(1) provides that the party who performs an examination "shall deliver to the requesting party a copy of the detailed written report of the examiner setting out the examiner's findings, including the results of all tests made, diagnoses and conclusions, together with like reports of all earlier examinations of the same condition." Fed. R. Civ. P. 35(b)(1).

    B.    <u>Costs</u>

Although Defendant's expert may perform the medical evaluation without Plaintiff's expert present, the Court finds that Plaintiff's prior attempts to have a life care planner present at previously scheduled evaluations were not made in bad faith. As such, Defendant's motion for costs is denied.

## IV. CONCLUSION

For the reasons stated above, Defendant has established good cause to perform a life care evaluation of Plaintiff without Plaintiff's retained expert or other life care planning expert being present. Accordingly, Defendant's motion is granted. However, Defendant's motion for costs is denied. An appropriate Order accompanies this Memorandum Opinion.

**DATED:** June 18, 2008